**LAUGHLIN v. WHEAT et al.**

Original No. 2835.

United States Court of Appeals for the District of Columbia.

Dec. 27, 1937.

Before GRONER, STEPHENS, and MILLER, Associate Justices.

PER CURIAM.

This is a petition for a writ of mandamus to the Chief Justice and Justices of the United States District Court for the District of Columbia, directing them to vacate that part of an order suspending petitioner from practice as an attorney of the court. The petition shows that at the instance of the Grievance Committee of the Bar Association of the District of Columbia an order issued, November 29, 1937, out of the District Court directing petitioner to show cause within 20 days why he should not be suspended from practice while awaiting final outcome of criminal proceedings pending on an indictment against him in that court. The order also summarily suspended petitioner from practice pending hearing on the rule to show cause.

The petition for mandamus questions the right of the District Court without notice to suspend an attorney from practice during the period prior to the hearing on a motion for disbarment.

Title 18, § 55, of the Code of the District of Columbia 1929, provides, among other things: "At any time after the filing of said written charges the court shall have power, pending the trial thereof, to suspend from practice the person charged."

We have given the question the serious consideration it deserves, and our conclusion is that the court, notwithstanding the provisions of the statute, was without power to strike petitioner's name from the list of attorneys of the court pending notice and hearing.

■ Undoubtedly mandamus is the proper remedy to test the question. Ex parte Bradley, 7 Wall. 364, 373, 19 L.Ed. 214.

■ The rule of general application is that all courts have power to punish attorneys as officers of the same, for misbehavior in the practice of the profession, but the rule is also that in each instance where an attorney is charged by affidavit with fraud or malpractice the court on motion will as a preliminary step order him to appear and answer, and then deal with him as the facts may appear in the case. And this is true because upon a petition to disbar or suspend an attorney the latter has a right to notice and opportunity to be heard and therefore any order of disbarment or suspension entered upon an ex parte proceeding ought not to be sustained. Ex parte Garland, 4 Wall. 333, 18 L.Ed. 366; Ex

parte Bradley, supra; United States v. Hicks, 9 Cir., 37 F.2d 289, 292; McMurchie v. Superior Court, 26 Ariz. 52, 57, 221 P. 549, 551; Bevins v. Burr, 25 Haw. 570, 575; State v. Raynolds, 22 N.M. 1, 158 P. 413–419; People v. Turner, 1 Cal. 143, 52 Am.Dec. 295, 301.

In the District of Columbia, it is said, the statute confers the power on the court to suspend pending trial on the disbarment petition, and so the question here is whether to give such effect to that provision of the statute as would permit suspension without any notice and hearing.

It was held in a well-considered opinion in a case involving a statute in most respects identical with that in the District of Columbia that to do so would be contrary to one of the cardinal principles of the administration of justice, that no man can be condemned or divested of his rights until he has had the opportunity of being heard. The case is McMurchie v. Superior Court, 26 Ariz. 52, 57, 221 P. 549, 550. The statute there provided that summons should be served upon the defendant at least five days before the trial day and that from and after the date of the filing of complaint (petition for disbarment) by the county attorney the right of such accused attorney to practice in any of the courts in the state of Arizona should be suspended until hearing, trial, final determination, and judgment. The court, referring to the statute, said:

"In effect, the Legislature has said that whenever an investigating committee recommends the filing of a complaint, and that complaint is filed, then and thereupon the accused attorney stands suspended. His suspension is not based upon any judgment or finding of the court, and is without trial or notice to the accused. It is a legislative decree, by which the mere filing of accusations against an attorney operates automatically to suspend him from practice without hearing or judgment. This is contrary to one of the cardinal principles of the administration of justice, that no man can be condemned or divested of his rights until he has had the opportunity of being heard. Ex parte Heyfron, 7 How.(Miss.) 127; People v. Turner, 1 Cal. 143, 52 Am.Dec. 295.

"The license which an attorney holds to practice his profession is not a mere indulgence, revocable at the pleasure of the court, but it is a right with which he has been invested, to hold during good behavior, and cannot be lightly or capriciously taken from him. It is acquired by order and judgment of a court, after examination into his moral and intellectual qualifications. He can only be divested of that right by a like judgment of court, entered after due notice and inquiry and opportunity to be heard, and based upon some conduct on his part which makes him unworthy further to engage in the practice of law."

This also seems to us to be the rule laid down in Ex parte Bradley, supra, for there the Supreme Court said, speaking of the court's power to suspend an attorney, they (the judges) possessed no power to punish him upon an ex parte proceeding, without notice or opportunity of defense or explanation. And in United States v. Hicks, supra, the Circuit Court of Appeals in the Ninth Circuit said in a case of this nature, it is indispensable that an accused lawyer be advised of the proposed action against him and of the basis therefor, that he must have his day in court—must be informed of the purpose of the proceedings and of the grounds, and afforded an opportunity to interrogate the witnesses and to produce evidence in refutation or rebuttal. These the court there held to be indispensable requirements.

In the instant case the petition shows, and the answer admits, that the order of suspension was entered without notice or hearing and without opportunity to the accused to explain the transaction and, if he could, to vindicate his conduct. While we entertain no doubt that a court has jurisdiction even in an informal hearing in a proper case to strike the name of an attorney from its rolls, we know of no case in state or federal courts in which it was held it could be done without affording the attorney reasonable notice and an opportunity to be heard in his defense. This is even more the case where the offense charged is indictable and there has been no conviction. We are, therefore, of opinion that the statute of the District should be so construed as to require both notice and a hearing before suspension even though the notice and the hearing be informal and speedy. There is a full discussion of the subject and the cases in Ex parte Wall, 107 U.S. 265, 2 S.Ct. 569, 27 L.Ed. 552, to which we refer.

In this view, the order suspending petitioner was improvidently made and should be set aside and annulled, and the clerk of this court is ordered forthwith to furnish a copy of this memorandum to the Chief

Justice of the District Court, to counsel for the Bar Association, and to petitioner. With this done we entertain no doubt that further action on our part will be unnecessary.