**Jack C. MASSENGALE, Appellant,**

v.

**UNITED STATES of America,**
Appellee.

No. 14038.

United States Court of Appeals
Sixth Circuit.

April 15, 1960.

Clifford E. Adams, Cincinnati, Ohio, argued by and on brief, for appellant.

James E. Applegate, Asst. U. S. Atty., Cincinnati, Ohio, Hugh K. Martin, U. S. Atty., Thomas Stueve, First Asst. U. S. Atty., Cincinnati, Ohio, on brief, for appellee.

Before MARTIN, MILLER and WEICK, Circuit Judges.

PER CURIAM.

The trial judge entered an *ex parte* order, by writing upon an entry of appearance tendered by the appellant as attorney in a pending case that the appellant "Jack C. Massengale is presently on parole by reason of a sentence out of this court and by reason thereof is disqualified from acting in the above entitled case."

Appellant thereafter was found guilty of criminal contempt for proceeding to take part in the case and was summarily ordered suspended from practicing law in the "United States Court or any of its agencies for one year." Upon agreement by appellant to "go along" with the suspension order, sentence on the criminal contempt finding was deferred by the court. The record shows that appellant was under threat of a jail sentence at the time he agreed to "go along" with the order.

No notice of a hearing was given appellant, nor did he have opportunity to defend against charges which could cause his suspension from the federal bar. The Supreme Court has said: "Before a judgment disbarring an attorney is rendered he should have notice of the grounds of complaint against him and an ample opportunity of explanation and defense. This is a rule of natural justice, and should be equally followed when proceedings are taken to deprive him of his right to practice his profession, as when they are taken to reach his real or personal property. And such has been the general, if not the uniform, practice of the courts of this country and of England." Ex parte Robinson, 19 Wall. 505, 86 U.S. 505, 512, 22 L.Ed. 205. See also, Laughlin v. Wheat, 68 App.D.C. 190, 95 F.2d 101.

Accordingly, the order suspending appellant from practicing for one year in federal courts and agencies must be set aside and the cause remanded to the district court for further proceedings consistent with this opinion.

Considering the matter of contempt, the courts of appeals have jurisdiction only on appeals from final decisions of the district courts. Title 28, section 1291, U.S.C.A. As Chief Justice Hughes has said [Berman v. United States, 302 U.S. 211, 212, 58 S.Ct. 164, 166, 82 L.Ed. 204]: "Final judgment in a criminal case means sentence. The sentence is the judgment." Miller v. Aderhold, 288 U.S. 206, 210, 53 S.Ct. 325, 77 L.Ed. 702; and Hill v. United States ex rel. Wampler, 298 U.S. 460, 464, 56 S.Ct. 760, 80 L.Ed. 1283, were cited. In the absence of a sentence on the criminal contempt finding, the decision lacks the finality which would allow this court to review it.