James Willis ASHCRAFT, Appellant,

v.

Clarissa Thelma ASHCRAFT, Appellee.

No. 7595.

District of Columbia Court of Appeals.

Argued Dec. 13, 1973.

Decided April 23, 1974.

Paul J. McGarvey, Washington, D. C., for appellant.

Carroll F. Tyler, Jr., Washington, D. C., for appellee.

Before KELLY, NEBEKER and PAIR, Associate Judges.

PAIR, Associate Judge:

By judgment and order entered May 3, 1973, appellant (the husband) was awarded an absolute divorce on the ground of voluntary separation for one year. The husband was at the time of the divorce proceedings in contempt of an order entered in the trial court August 24, 1966, which required him to pay his wife (appellee) $15.00 weekly for her separate maintenance and support.

On this appeal [1] the husband challenges so much of the judgment and order entered May 3, 1973 as (1) again adjudged him in contempt of the August 24, 1966 order, (2) adjudged him in contempt also of an order entered June 29, 1970 requiring him to pay an additional amount of $5.00 weekly in liquidation of arrearages in such payments, and (3) provided that he could purge himself of his contempt only

. . . by payment to [the wife] . . . of the sum of $400.00 by May 15, 1973, and by continuance of the payment of the total sum of $20.00 per week as required under the previous orders of this Court, $15.00 *of which is permanent alimony* and $5.00 of which is credit to

1. Counsel for the wife was permitted to participate at oral argument even though he had filed no brief. We then granted, at his request, leave to file, not later than December 20, 1973, a brief. Counsel for the wife has not filed a brief nor has he moved the court for an extension of time within which to file his brief.

arrearages. . . .[2] [Emphasis added.]

Because there was no appeal from the divorce decree that judgment is now final. Our sole concern, therefore, is the husband's challenge to the adjudication of contempt for disobedience of the pendente lite orders entered August 24, 1966 and June 29, 1970.

We notice at the outset that the husband was not, by the adjudication of May 3, 1973, punished for his disobedience of the pendente lite orders. We notice also that the trial court imposed no remedial or coercive sanction conditioned upon the husband's obedience to the contempt order. Consequently, that order lacks the certainty, specificity and finality essential for judicial review. *See* Massengale v. United States, 278 F.2d 344, 345 (6th Cir. 1960); In re Eskay, 122 F.2d 819 (3d Cir. 1941); Hopwood v. Hopwood, 122 Ill. App.2d 484, 258 N.E.2d 833 (1970); Zirn v. Bradley, 263 A.D. 724, 30 N.Y.S.2d 688 (1941); State v. Hamilton Circuit Court, 248 Ind. 130, 224 N.E.2d 55, 58 (1967). *See also and compare* Hilson v. Hilson, 145 So.2d 557, 559 (Fla.App.1962); *see* Annot. 33 A.L.R.3d 448, § 24(a) (1970).

The doctrine of those cases is that an adjudication in civil contempt, predicated as it is on a finding of past noncompliance with a court order, must be clear and specific showing not only the essential jurisdictional facts but also the consequences which will flow from disobedience. Massengale v. United States, *supra*; Hopwood v. Hopwood, *supra*; Zirn v. Bradley, *su-pra*. We hold, therefore, that the adjudication of May 3, 1973 is a nullity insofar as it purported to adjudge appellant in contempt of the two pendente lite orders.

Thus, because the order brought here for review is upon its face void for uncertainty, we find it unnecessary to decide whether, on this record, jurisdiction to enforce the pendente lite orders survived the entry of the divorce decree. *But see* Cole v. Cole, 82 U.S.App.D.C. 155, 161 F.2d 883 (1947), where it was held that any allowance of support and maintenance which is to be effective after a suit for divorce has ceased to pend must be made under the permanent alimony provisions of D.C.Code 1973, § 16–913.

Putting aside therefore any further consideration of the orders entered August 24, 1966 and June 29, 1970, we turn to that provision in the May 3, 1973 judgment and order which permits the husband to purge himself of contempt by payment of $15.00 weekly to the wife as permanent alimony.

Whatever may be said, on this record showing, in regard to the wife's entitlement to permanent alimony, it is too clear for further discussion that the provision is inextricably a part of the contempt order[3] and, therefore, must share the infirmities of such order which have aborted the indispensible element of finality. Massengale v. United States *supra*. The conclusion that must follow therefore is that the contempt order and all of its provisions are without legal force and effect.[4] Accordingly, the appeal is dismissed.

So ordered.

---

2. The arrearage was at that time $1,240.00.

3. Appellant was permitted to purge himself, in part, of his contempt by the payment of $15.00 weekly to appellee as permanent alimony.

4. The wife, of course, may enforce such rights as she retains by appropriate proceedings. Lundregan v. Lundregan, 102 U.S.App.D.C. 259, 252 F.2d 823 (1958).