In re Eric L. **CUMMINGS, Respondent.**

No. 83–605.

District of Columbia Court of Appeals.

Argued Aug. 30, 1983.

Decided Sept. 14, 1983.

As amended Sept. 20, 1983.

Martha J. Tomich, Asst. Bar Counsel, Washington, D.C., with whom Fred Grabowsky, Bar Counsel, Washington, D.C., was on petition, for petitioner, the Bd. on Professional Responsibility.

Glenn H. Carlson, Washington, D.C., with whom Paul L. Perito and Robert E. Pokusa, Washington, D.C., were on the response to the petition, for respondent.

Before KERN, BELSON and TERRY, Associate Judges.

PER CURIAM:

This matter comes before the court for consideration of a petition filed by the Board on Professional Responsibility for the temporary suspension of respondent from the practice of law, and of the pleadings and oral argument in support of and in opposition to the petition.

■ We grant the petition for temporary suspension. The Board has established, by unrebutted affidavits, that respondent used escrow funds to pay a former employee; that escrow accounts have been overdrawn, and that checks drawn on escrow accounts have been returned for insufficient funds; and that there have been unexplained transfers to, and withdrawals from, respondent's escrow accounts. The affidavits submitted by the Board also contain other serious allegations of repeated breaches of respondent's fiduciary obligations. Respondent has proffered exculpatory explanations of some—not all—of these alleged breaches, but none of his explanations have been in affidavit form.

We conclude that the Board has made a sufficient showing by affidavits that respondent is causing great public harm and will continue to do so if he is not temporarily suspended. *See In re Malvin,* 466 A.2d 1220, 1223 (D.C.1983). We are satisfied that all of the requirements set forth in *Malvin* are met here.

■ Unlike the petitioner in *Laughlin v. Wheat,* 68 App.D.C. 190, 95 F.2d 101 (1937), respondent was afforded an opportunity to appear in court and answer the charges against him. In *Laughlin* an attorney was summarily suspended pending the outcome of a criminal proceeding in which he had been indicted. The court held that some kind of notice and a hearing must be afforded before an attorney may be suspended; the *ex parte* suspension which had been ordered was therefore struck down. *Laughlin* did not state, however, that there must be an *evidentiary* hearing; on the contrary, the court declared that both the notice and the hearing may be "informal and speedy." *Id.* at 191, 95 F.2d at 102. We hold that the hearing before this court, at which respondent's counsel appeared after ample notice and was heard in opposition to the petition for temporary suspension, was sufficient to satisfy the requirements of *Laughlin.* Moreover, respondent will receive a more thorough hearing before the Board and its hearing committee. His due process rights are thus protected. *See Burleigh v. State Bar of Nevada,* 98 Nev. 140, 643 P.2d 1201 (1982).

It is therefore ORDERED that respondent, Eric L. Cummings, is hereby suspended temporarily from the practice of law in the District of Columbia, effective immediately. His suspension shall be subject to the provisions of Rule XI, § 3(3), of this court's Rules Governing the Bar, and shall continue until final disposition of all pending disciplinary charges against him, or until further order of this court.

It is FURTHER ORDERED that petitioner's request for an audit is granted,

except as provided in the last sentence of this paragraph. The audit shall cover the period from January 1, 1978, to the present, and shall extend to all corporate financial records, partnership financial records, personal financial records, business records of any kind, records of escrow accounts, trust accounts, and any other accounts in banks, savings and loan associations, and other financial institutions to which respondent may have had access at any time since January 1, 1978, and all other records which are not subject to respondent's constitutional privilege against self-incrimination. *See In re Malvin, supra,* at 1224. If respondent intends to assert his constitutional privilege with respect to any particular document or documents, he shall do so within such reasonable time as the Board on Professional Responsibility may prescribe; otherwise the privilege shall be deemed to have been waived. The Board shall then determine whether the document or documents at issue are protected from disclosure by respondent's constitutional privilege. If the Board determines that any document is so protected, it shall not be subject to the audit, and as to any such document or documents the request for an audit is denied, without prejudice to the Board's seeking an administrative warrant from the Superior Court pursuant to Super.Ct.Civ.R. 204(c).

It is FURTHER ORDERED that all details of the audit and the manner in which it is conducted shall be determined by the Board on Professional Responsibility, and all disputes concerning the audit shall be resolved by that Board.

It is FURTHER ORDERED that, during the period of his suspension, respondent shall not have access to any client funds unless he obtains prior approval of such access from the Board on Professional Responsibility.

It is FURTHER ORDERED, *sua sponte,* that the Board on Professional Responsibility shall give this case the highest priority, and shall conduct the audit, investigation, and all hearings on the pending disciplinary

charges against respondent with the utmost expedition.