Terry L. **LEDBETTER**, Appellant,

v.

**UNITED STATES**, Appellee.

No. 8964.

District of Columbia Court of Appeals.

Submitted Nov. 6, 1975.

Decided Jan. 16, 1976.

Alan B. Soschin, Washington, D. C., appointed by the court, for appellant.

Earl J. Silbert, U. S. Atty., with whom John A. Terry, James F. McMullin, Richard S. Vermeire and Alexia Morrison, Asst. U. S. Attys., were on the brief, for appellee. Frederick C. Moss, Robert E. Hauberg, Jr. and John H. Bayly, Jr., Asst. U. S. Attys., also entered appearances for appellee.

Before KELLY, FICKLING and GALLAGHER, Associate Judges.

KELLY, Associate Judge:

Appellant was convicted of kidnaping, for the purpose of sexually assaulting, a fourteen year old boy. D.C.Code 1973, §

22–2101.[1] On appeal, he urges that the trial judge erred in denying his motion to compel a mental examination of the complaining witness. We disagree and affirm.

Appellant first encountered the complainant on a school playground in Southeast Washington, D. C., and the boy soon agreed to accompany him on the pretext that appellant would secure him a job at his place of employment. Following a bus ride inside the District, appellant announced he wanted to make a phone call. The boy testified that while at the telephone booth appellant drew a gun and said they were going to Virginia.[2] He testified further that at this time he believed appellant wanted him for sexual purposes.

Appellant testified that during the bus ride to Virginia he discussed the topic of homosexuality with the boy and concluded that he had engaged in such activity for money before. Upon disembarking in Virginia, the pair walked five blocks to a motel. While appellant was inside the rental office, the boy attempted to run away but was captured almost immediately.

Once inside the room, the boy submitted to an examination of his rectum, but when appellant attempted to have him lay on a bed, a fight ensued. The boy escaped from the room by plunging through a window, even though, according to appellant, the door was not locked.

Appellant urges that a psychiatric examination of the complainant would have revealed evidence of a distorted perception of reality and sexual fantasies helpful to the defense's contention that the boy consented to the alleged assault. He contends that the trial judge's refusal to order an examination constituted a violation of his Sixth Amendment right to effective assistance of counsel. We cannot agree.

■ It is within the discretion of the trial judge to order a psychiatric examination of a witness for the purpose of determining competency to testify or to aid the jury in its assessment of a witness' credibility. *United States v. Benn,* 155 U.S. App.D.C. 180, 183, 476 F.2d 1127, 1130 (1972). This decision is entrusted to the trial judge's discretion because of the lack of any precise measure for weighing the potential evidentiary advantage against the dangers of an unwarranted invasion of privacy posed by such examinations. *Id.* at 184, 476 F.2d at 1131. *See also Carrado v. United States,* 93 U.S.App.D.C. 183, 210 F.2d 712 (1953), *cert. denied,* 347 U.S. 1018, 74 S.Ct. 874, 98 L.Ed. 1140 (1954).

■ On this record appellant's showing of need for the psychiatric examination of complainant is not such that a refusal to order the examination can be regarded as an abuse of discretion. *See United States v. Butler,* 156 U.S.App.D.C. 356, 359, 481 F.2d 531, 534 (1973). Moreover, we note that the complainant's allegedly irrational actions are more consistent with the state of mind of a frightened boy than that of a consenting sexual partner. Accordingly, the judgment on appeal is

*Affirmed.*[3]

---

1. The statute prohibits, in pertinent part, the "kidnaping . . . or carrying away any individual . . . with the intent to hold or detain, such individual for ransom or reward or otherwise . . . ."

2. No gun was ever found and appellant was acquitted of the charges of kidnaping while armed and assault with a dangrous weapon.

3. Appellant's contention that he was entitled to a jury instruction that consent to his sexual advances was a defense to kidnaping is without merit.