**In the Matter of Richard L. CYS, Appellant.**

**No. 9625.**

District of Columbia Court of Appeals.

Argued May 19, 1976.

Decided Aug. 9, 1976.

John A. Terry, Asst. U. S. Atty., with whom Earl J. Silbert, U. S. Atty., Robert M. McNamara, Jr., Asst. U. S. Atty., Washington, D. C., and H. Lowell Brown, Law Student Counsel, were on the brief, for appellant.

Peter P. Broderick, Washington, D. C., appointed by this court, for appellee.

Before KELLY, YEAGLEY and HARRIS, Associate Judges.

YEAGLEY, Associate Judge:

Appellant, an Assistant United States Attorney, was cited in contempt summarily for his refusal to comply with a court order directing him to produce written memoranda relating to the so-called First Offender Treatment Program operated by the Superior Court Division of the United States Attorney's Office, of which appellant was the Acting Chief of the Misdemeanor Trial Section at the time of the citation. The program is designed to permit diversion to educational programs in lieu of prosecution of selected defendants who have no prior arrest record. It is limited apparently to defendants accused of nonviolent misdemeanors.

The citation arose out of a hearing on a motion to dismiss filed by a defendant charged with unlawful entry of the White House grounds. The defendant contended, as cause for dismissal, that he had been excluded from the First Offender Treatment Program, in derogation of his rights to due process and equal protection of the laws, as "the result of intentional discrimination by the United States Attorney's Office against [the defendant] and others who recently spoke out at the White House against United States involvement in Vietnam."

At the initial hearing held March 26, 1975, appellant presented the government's position that its decision to prosecute the defendant was a matter of prosecutorial discretion exclusively. Upon questioning from the bench, appellant stated that the program was administered on a case-by-case basis and that his office had determined, following an interview of the defendant, that the latter was ineligible. Appellant conceded that grounds to support the motion would be made upon proof of discrimination along constitutionally impermissible lines, but argued that the defendant's motion failed to include sufficient allegations of improper conduct to invoke the trial court's limited authority in an area of prosecutorial discretion. Adhering to this position, appellant declined to divulge the specific grounds on which the defendant was not afforded the benefits of the program. The defendant was asked by the trial judge whether the reasons for denying his application for First Offender Treatment had been explained to him at his meeting with representatives of appellant's office. He replied that the grounds had not been specifically stated but had been alluded to. That which had been alluded to, according to the defendant, was "[t]hat the action I took was premeditated, and an F.O.T. program was designed for people who would not get involved in the legal system again." Appellant declined either to affirm or deny the defendant's account.

At the conclusion of the first hearing, the court ruled that it had jurisdiction to consider defendant's motion because of the constitutional nature of the claim. The matter was then continued so that appellant could consider the effect of the ruling. When the hearing reconvened on March 28, appellant was called to the stand, whereupon the court directed that he produce the written guidelines relating to the operation of the First Offender Treatment Program. When he refused to do so, the court cited him for "technical contempt" in order to frame the jurisdictional issue for review. Imposition of sentence was suspended; however, no findings were made and a written order was not entered.

In the course of the March 28 hearing the court said:

At this time, the Court finds you in contempt for your failure and your refusal to answer questions and to produce documents, as ordered by this Court.

Speaking of the refusal to produce the guidelines, the court said:

Upon the refusal to do so, of course, the Court has no choice but to find the witness in contempt, which is technical contempt, of course. It is not a contemptuous but a technical contempt, such

as the refusal to answer at the Congressional Committee. It frames the issue by way of contempt.

The notice of appeal filed April 4, 1975, was an appeal from the contempt citation of March 28, 1975. The findings of fact and conclusions of law filed on March 27, in the interim between the two hearings, related only to the court's jurisdiction to adjudicate the motion. It was not until 8 months after the appeal was taken that the court entered its written certification pursuant to Super.Ct.Cr.R. 42(a), which provides:

> *Summary disposition.* A criminal contempt may be punished summarily if the judge certifies that he saw or heard the conduct constituting the contempt and that it was committed in the actual presence of the court. The order of contempt shall recite the facts and shall be signed by the judge and entered of record.

In *United States v. Smith,* D.C.App., 354 A.2d 510 (1976), decided while this case was pending appeal, we observed that in order to support a defense of selective enforcement or discriminatory prosecution, a defendant must bear a heavy burden of showing that the government's selection of him for prosecution has been based upon some form of invidious discrimination, or is arbitrary and capricious. *Id.* at 512–13. In that case we reversed the dismissal of an information, disagreeing with the trial court's conclusion that the defendant had made an adequate showing that the policy questioned by the defendant-appellee had the objective or effect of deterring him from exercising his legal rights.[1]

Appellant contends in this appeal, as he did in the trial court, that the allegations of the defendant's motion were insufficient to raise a constitutional claim cognizable by the trial court. From this he argues, citing our decision in *In re Banks,* D.C. App., 306 A.2d 270 (1973), that the trial court's order of production was a nullity and could be disobeyed with impunity. He also argues that in light of the principle that the trial court's contempt power is to be used sparingly,[2] the proper remedy on a motion to dismiss for the government's failure to produce requested information is to dismiss the information. The appeal in *Smith* reached this court in that manner.[3]

Although we agree with the latter proposition, we are unable to decide that issue or the other issues the parties raise because we are without jurisdiction to consider this appeal. With certain exceptions not applicable here, our jurisdiction is limited to final orders. D.C.Code 1973, § 11–721. Absent the imposition of a

---

1. The defendant in *Smith* alleged that he was denied First Offender Treatment because he had previously moved to have his charge for possession of marijuana dismissed as violative of the Eighth Amendment prohibition against cruel and unusual punishment. There also, the government asserted a lack of jurisdiction for the trial court's review, refused to respond to an order of production and did not offer evidence or a statement with respect to the motion.

2. *See In re McConnell,* 370 U.S. 230, 82 S.Ct. 1288, 8 L.Ed.2d 434 (1962).

3. Appellant also argues that he could not be found in contempt because his disobedience of the trial court's order was compelled by Department of Justice regulations relating to the release of Department documents. *See* 28 C.F.R. § 16.21 *et seq.* (1974) ; *United States ex rel. Touhy v. Ragen,* 340 U.S. 462, 71 S.Ct. 416, 95 L.Ed. 417 (1951). Section 16.23 requires that whenever a demand is made upon an employee of the Department to produce departmental information, he shall immediately notify the United States Attorney in the district where the demand is made. The United States Attorney is required in turn to immediately request instructions from superior officials within the Department. Appellant did not ask that the trial court delay its order of contempt until the procedure of § 16.23 could be followed, but instead chose to stand on a refusal to produce, possibly interpreting the regulations as an absolute prohibition against release of the written guidelines.

sanction, whether it be a fine, probation or term in jail, a citation for criminal contempt in and of itself is not a final order and raises no justiciable issue for appeal. *See, e. g., West v. United States,* D.C.App., 346 A.2d 504 (1975); [4] *Massengale v. United States,* 278 F.2d 344 (6th Cir. 1960); *Comptone Co. v. Rayex Corp.,* 251 F.2d 487 (2d Cir. 1958); *In re Eskay,* 122 F.2d 819 (3rd Cir. 1941). *See generally* Annotation, "Appealability of Contempt Adjudication or Conviction", 33 A.L.R.3d 448, 564–70 (1970).[5] The same ruling has been applied in an appeal from a judgment of civil contempt where sentence was not imposed. *Ashcraft v. Ashcraft,* D.C.App., 318 A.2d 284 (1974).

The Supreme Court has said of appeals from convictions in criminal cases that "[f]inal judgment in a criminal case means sentence. The sentence is the judgment." *Berman v. United States,* 302 U.S. 211, 212, 58 S.Ct. 164, 166, 82 L.Ed. 204 (1937). The court held such a judgment appealable even though execution of the sentence was suspended, pointing out that *imposition* of the sentence was not suspended. *Id.*

Title 18 U.S.C. § 402 (1970) does not authorize a finding of contempt in the present situation. However, D.C.Code 1973, § 11–944 provides that:

> In addition to the powers conferred by section 402 of title 18, United States Code, the Superior Court, or a judge thereof, may punish for disobedience of an order or for contempt committed in the presence of the court.

This section in no way vitiates the rule laid down by the foregoing authorities;

rather it appears to specify that punishment is an essential part of any contempt citation. *See also* Super.Ct.Cr.R. 42(b).

The appeal is dismissed and the case remanded.

*So ordered.*

---

4. A petition for rehearing en banc in *West* was denied on November 28, 1975. The word "denied" was mistakenly omitted from the introduction to the opinion published in the Atlantic Reporter, Second Series.

5. We cannot consider the present appeal in the posture of a direct appeal from the discovery order defied by the government since neither of the real parties in interest to that order, the government and the defendant,

is a party to this appeal and since there has been no ruling on the defendant's motion to dismiss. Appellant's individual interests in the action extend no further than the contempt citation which does not reach us at this stage of the proceeding as an order ripe for review.