**Herbert ALBANY, Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 11188.**

District of Columbia Court of Appeals.

Argued May 17, 1977.

Decided Sept. 20, 1977.

Charles Rosenbleet, Washington, D.C., for appellant.

Edward D. Ross, Jr., Asst. U. S. Atty., Washington, D.C., with whom Earl J. Silbert, U. S. Atty., John A. Terry, William D. Pease, and Martin J. Linsky, Asst. U. S. Attys., Washington, D.C., were on the brief, for appellee.

Before KERN, NEBEKER and MACK, Associate Judges.

NEBEKER, Associate Judge.

Appellant appeals his second-degree murder conviction. It arose from a shooting on 14th Street, N.W. from circumstances reflecting that the victim had earlier robbed appellant to recover money paid for what turned out to be "bad" heroin, thus supplying a motive. The only identifying witness—one Rufus Waters—saw appellant shoot the victim. Before trial, the prosecution disclosed that four years earlier Waters had been ordered to St. Elizabeths Hospital for a mental examination in connection with a pending robbery charge. As a result, appellant obtained additional information containing opinions as to recommended treatment for abnormal behavior respecting Waters. He then moved that Waters be given a mental examination. After a hearing at which Waters testified, and a subsequent examination of what appeared to be all of the most current available records on his mental condition, no characteristic of testimonial incompetency was found. The motion was denied and Waters was declared competent to testify, as he indeed did at trial.

The "single issue presented . . . relates to the defense request for a mental examination of [Waters] the key and sole Government eyewitness." (Brief for Appellant at 2 n. 1.) The government states the issue presented in a most effective way,

*viz.*, issue identification, scope of review, and factual context expressed in a compressed and accurate manner. It views the issue to be:

> Whether the trial court abused its discretion in finding Rufus Waters competent to testify and consequently in refusing to order an additional mental examination of him when on two separate occasions Waters had been found competent to stand trial when the only indicia of any emotional problem was of questionable reliability, or probity on the issue of competency and was superseded by subsequent and more relevant evaluation; when there was no indicia of any current mental health problem; and when the court was satisfied that all material data bearing on the issue had been presented to the court? [Brief for Appellee, "Issue Presented".]

From our review of the record, we are not persuaded that we must hold that the trial court's exercise of its discretion[1] in refusing to order yet another mental examination for Waters, or in determining his competency to testify, requires reversal. *See United States v. Benn*, 155 U.S.App. D.C. 180, 184, 476 F.2d 1127, 1131 (1972). Nor are we able to hold that no further exploration of Waters' mental condition deprived appellant of a fair trial, due process, or effective assistance of counsel respecting an ability to cross-examine him as to credibility. *Id.*

Appellant's very able brief invites us to follow the New Jersey Supreme Court's result in *State v. Butler*, 27 N.J. 560, 143 A.2d 530 (1958). While that case, like this one, was a single-witness case as to the murder, we find sufficient differences warranting our reaching a contrary result. Waters' testimony does not inherently suggest mental abnormality. In *Butler*, Coleman's "testimony was replete with lofty religious sentiments." *Id.* at 541. Coleman had never been mentally examined for competence whereas Waters had been twice determined to be competent. Coleman was a codefend-

ant charged with murder. He pleaded guilty *non vult* to second-degree murder and was under an indeterminate sentence at the time of the appellate decision requiring his mental examination prior to retrial (other reversible error having been found). Waters, as observed, was an eyewitness and not otherwise connected with the crime. This latter fact is significant when considerations of privacy[2] are balanced in a decision to subject a witness to the extreme inquiry as to his mental competence.

The judgment of conviction is therefore,

*Affirmed.*

---

1. *Ledbetter v. United States*, D.C.App., 350 A.2d 379 (1976).

2. *Ledbetter v. United States, supra* note 1.