DISTRICT OF COLUMBIA, Appellant,

v.

Roberto Charles TSCHUDIN, Appellee.

DISTRICT OF COLUMBIA, Appellant,

v.

Wesley N. WILLIAMS, Appellee.

Nos. 11378, 11486, 11379 and 11495.

District of Columbia Court of Appeals.

Submitted June 23, 1977.

Decided Aug. 9, 1978.

---

John R. Risher, Jr., Corp. Counsel, Louis P. Robbins, Principal Deputy Corp. Counsel, Richard W. Barton, Deputy Corp. Counsel, David P. Sutton, and Frank W. Stearns, Asst. Corp. Counsels, Washington, D. C., for appellant.

Roberto Tschudin, pro se; Ann M. Garfinkle, Washington, D. C., of counsel.

Wesley N. Williams, pro se; Ann M. Garfinkle, Washington, D. C., of counsel.

Before NEWMAN, Chief Judge, and HARRIS and MACK, Associate Judges.

MACK, Associate Judge:

The issues presented for review are (1) the timeliness of an appeal by appellant, the District of Columbia, from a judgment of the trial court ordering the expunction of appellees' arrest records; and (2) whether the trial court abused its discretion in denying appellant's motion to extend the time for filing an appeal.

In a trial before the court appellees were acquitted of charges of disorderly conduct (D.C. Code 1973, § 22–1121) stemming from their participation in a unicycle ride through the downtown business district. They subsequently moved the trial court to order the expunction of their arrest records with regard to the incident. On February 12, 1976, the court granted appellees' motion and issued the following order:

> The defendants in this case move for an order of this court directing that the records of their arrest on October 21, 1975, for Disorderly Conduct be expunged. The court, having conducted the trial of this case on January 27, 1976, acquitted the defendants. In so doing, the court was, and is, convinced beyond a reasonable doubt that these defendants were innocent, and did not commit the offense of disorderly conduct. The testimony demonstrated, affirmatively, that the defendants were not guilty. There-

fore, for the reasons set out by Chief Judge Greene in *United States v. Warren Hudson,* Criminal No. 49590 (February 19, 1975), the court grants the defendants' motion. *However, the effectiveness of this order will be stayed for six months, or until August 11, 1976,* to await the ruling by the District of Columbia Court of Appeals in *United States v. Warren Hudson, supra.* [Emphasis supplied.]

On September 16, 1976, this court's decision in *United States v. Hudson,* (D.C.App. No. 9312), was as it is now, still pending. On that date the trial court, having not received a request to extend the stay, sua sponte entered an additional order which reads in part:

> On February 12, 1976, this court ordered the defendants' arrest records expunged. That order was stayed for six months or until August 11, 1976, to either await the decision of the District of Columbia Court of Appeals in *United States v. Warren Hudson,* Criminal No. 49509 (February 19, 1975), or to allow the appropriate governmental agencies to appeal at the expiration of the stay.
>
> The stay having expired on August 11, 1976, and the Corporation Counsel having failed to appeal within the prescribed time period, this court's order of February 12, 1976, has now become final. . .

The order further set forth the exact method in which the expunction was to be carried out. This included instructions that (1) all records and reports pertaining to appellees' arrest be destroyed; (2) all fingerprint cards and photographs be destroyed; (3) all law enforcement agencies including the Federal Bureau of Investigation be informed of the expunction; (4) appellees would not be required to state that they were ever arrested or detained for the disorderly conduct charge; and (5) the Corporation Counsel provide the court with an affidavit detailing compliance with the order.

Our task in Nos. 11378 and 11379 is to determine which of the two judicial or-

ders—the first entered on February 12, 1976 and stayed until August 11, 1976, or the second entered on September 16, 1976—constituted the final judgment in the case below.[1] By virtue of this court's Rule 4 II(a), appellant had 30 days to appeal from the final judgment. *See In re C. I. T.,* D.C.App., 369 A.2d 171 (1977); *Whitman v. Noel,* D.C.Mun.App., 53 A.2d 280 (1947); *see also Valentine v. Real Estate Commission,* D.C.Mun.App., 163 A.2d 554 (1960). The record indicates that the notice of appeal was filed on September 27, 1976. Consequently, if the first order was the final judgment, appellees are right in their contention that the appeal must be dismissed as untimely.

We approach the appealability question bearing in mind that Supreme Court decisions concerning final judgments do not provide us with an inflexible rule. *Bachowski v. Usery,* 545 F.2d 363, 370 (3d Cir. 1976). "No verbal formula yet devised can explain prior finality decisions with unerring accuracy or provide an utterly reliable guide for the future." *Eisen v. Carlisle & Jacquelin,* 417 U.S. 156, 170, 94 S.Ct. 2140, 2149, 40 L.Ed.2d 732 (1974) (footnote omitted). Moreover, the question is frequently so close that a decision of the finality "issue either way can be supported with equally forceful arguments . . . ." *Gillespie v. United States Steel Corp.,* 379 U.S. 148, 152, 85 S.Ct. 308, 311, 13 L.Ed.2d 199 (1964).

There is, however, one constant factor. "The considerations that determine finality are not abstractions but have reference to very real interests—not merely those of the immediate parties but, more particularly, those that pertain to the smooth functioning of our judicial system." *Republic Natural Gas Co. v. Oklahoma,* 334 U.S. 62, 69, 68 S.Ct. 972, 977, 92 L.Ed. 1212 (1948). Thus, a "practical rather than a technical construction" standard has been adopted for the purpose of identifying those judgments which are final and those which are not. *Cohen v. Beneficial Industrial Loan Corp.,* 337 U.S. 541, 546, 69 S.Ct. 1221, 1226, 93 L.Ed. 1528 (1949); *see also Brown Shoe Co. v. United States,* 370 U.S. 294, 306, 82 S.Ct. 1502, 8 L.Ed.2d 510 (1962); *United States v. Schaefer Brewing Co.,* 356 U.S. 227, 232, 78 S.Ct. 674, 2 L.Ed.2d 721 (1958); *Cobbledick v. United States,* 309 U.S. 323, 326, 60 S.Ct. 540, 84 L.Ed. 783 (1940).

This "practical construction" standard contemplates the basic principle that

. . . a decree is final, . . . when it terminates the litigation between the parties on the merits of the case, and leaves nothing to be done but to enforce by execution what has been determined. [*St. Louis Iron Mountain and Southern Ry. v. Southern Express,* 108 U.S. 24, 28–29, 2 S.Ct. 6, 27 L.Ed. 638 (1883).]

Therefore, "if nothing more than a ministerial act remains to be done, . . . the decree is regarded as concluding the case and is immediately reviewable." *Republic Natural Gas Co. v. Oklahoma, supra* 334 U.S. at 68, 68 S.Ct. at 976; *see also Board of Commissioners v. Lucas,* 93 U.S. 108, 23 L.Ed. 822 (1876).[2]

It is apparent that in the instant case the trial court had disposed of the expunction issue on its merits. The only remaining task was to execute the judgment. For us to interpret the September 16 order as anything but a "ministerial act" would be to invite that instance of self-defeating judicial construction on finality matters that the Supreme Court has failed to accept. *See DiBella v. United States,* 369 U.S. 121, 125, 82 S.Ct. 897, 7 L.Ed.2d

---

1. It is essential to note that final judgments are not limited to the *last* order in a proceeding. *ECEE Inc. v. FPC,* 526 F.2d 1270, 1273 (5th Cir. 1976). However, "there are instances in which a final decision is not a final judgment." *Stack v. Boyle,* 342 U.S. 1, 12, 72 S.Ct. 1, 7, 96 L.Ed. 3 (1951) (Jackson, J., separate opinion).

2. For instance, in *Forgay v. Conrad,* 6 How. 201, 12 L.Ed. 404 (1848) and *Radio Station WOW v. Johnson,* 326 U.S. 120, 65 S.Ct. 1475,

89 L.Ed. 2092 (1945), the Supreme Court characterized orders decreeing the transfer of physical property as final for the purpose of review even though an accounting for profits was to follow. *See also Wilson v. Coite Somers Co.,* 138 Ga.App. 455, 226 S.E.2d 277 (1976) (the modification of an order for summary judgment did not automatically extend the filing date for a notice of appeal).

614 (1962). Consequently, we find that the judgment was final when the stay of the February 12 order expired on August 11, 1976.

We hasten to add that we are not passing upon the legality of the trial court's action in granting appellees' motion for expunction. We are considering only the issue of appealability and find that appellant's notice of appeal was filed out of time.

We now turn to appellant's alternative argument in Nos. 11486 and 11495.

After receiving the trial court's order of September 16, 1976, appellant attempted to revive its opportunity to appeal the February 12 order by filing a motion, before the trial court, pursuant to our Rule 4 II(a)(4).[3] This rule allows for an extension of time for taking an appeal (after the 30-day time period has elapsed) provided that "excusable neglect" is adequately demonstrated.[4] In order to satisfy this requirement, appellant asserted below, and now on appeal, that (1) under any equitable construction of the trial court's February 12, 1976 order appellant could properly conclude that the stay of that order was designed to remain in effect *until* our decision in *Hudson* is rendered; (2) appellant did not receive a copy of the February 12 order and did not otherwise become aware of it until September 16, 1976; and (3) appellant's trial counsel assigned to this case resigned in the spring of 1976 and informed his colleagues that appellees' motion for expunction had been granted but stayed until final disposition in *Hudson*. The trial court denied appellant's motion on October 1, 1976.

 We find no abuse of discretion in the denial of this motion. Under any *reasonable* construction of the trial court's order of February 12, it is clear that the "effectiveness" of its mandate was stayed only for six months "or until August 11, 1976." There was thus no ambiguity as to the length of the stay. On August 11, 1976, appellant was left with three distinct choices: either to (1) request an additional extension of the stay on the grounds that *Hudson* had not been decided; (2) appeal the order; or (3) allow the action to terminate. Having not taken positive action under the first two alternatives, appellant must bear the consequences of the third.

As to the claim of lack of knowledge of the entry of a judgment, that fact alone *and without more*, does not constitute excusable neglect. *Pryor v. Pryor*, D.C.App., 343 A.2d 321, 323 (1975). The claim is particularly unpersuasive here where appellant speaks with a degree of contradiction by first contending that it lacked notice of the order and then claiming that its trial counsel misunderstood the order.

As to Nos. 11378 and 11379, the appeal is *Dismissed*.

As to Nos. 11486 and 11495, the order of the trial court is *Affirmed*.

---

3. Appellant concedes that this was a precautionary measure taken in the event that the February 12, 1976, order was deemed final for the purpose of appeal.

4. Excusable Neglect. Upon a showing of excusable neglect, the Superior Court may extend the time for filing the notice of appeal by any party for a period not to exceed thirty days from the expiration of the time otherwise prescribed by subdivision (1). Such an extension may be granted before or after the time otherwise prescribed by subdivision (1) has expired; but if a request for extension is made after such time has expired, it shall be made by motion with such notice as the court shall deem appropriate. [D.C.App.R. 4 II(a)(4).]