UNITED STATES, Appellant,

v.

George R. HARROD, Appellee.

No. 79–931.

District of Columbia Court of Appeals.

Argued Nov. 29, 1979.

Decided March 6, 1980.

Opinion Vacated on Grant of Rehearing
En Banc April 22, 1980.

William J. Bowman, Asst. U. S. Atty., with whom Carl S. Rauh, U. S. Atty., Washington, D. C., at the time the case was argued, and John A. Terry, Michael W. Farrell, and James N. Owens, Asst. U. S. Attys., Washington, D. C., were on the response to the motion, for appellant.

Dovey J. Roundtree, Washington, D. C., with whom John H. Shorter, Jr., Washington, D. C., was on the motion, for appellee.

Before NEWMAN, Chief Judge, and NEBEKER and HARRIS, Associate Judges.

NEBEKER, Associate Judge:

This case came before the court on appellee's motion to dismiss the appeal, on behalf of a complaining witness, of a trial judge's order compelling the witness to undergo a psychiatric examination. Appellee contends this court is without jurisdiction to entertain the appeal because the order is not final, and therefore, not reviewable. D.C. Code 1973, § 11–721(a). We disagree, and hold that the order to undergo a psychiatric examination is appealable. Accordingly, we deny the motion.[1]

I

The grand jury indicted appellee, George R. Harrod, the District of Columbia Director of Personnel, for one count of simple assault. The complainant, a clerk-typist

1. We need not reach the merits of the appeal in this opinion.

employed by the District of Columbia Department of Personnel, claims she was severely beaten by Mr. Harrod, her supervisor, in his office during business hours on August 30, 1978. Complainant, who was six months pregnant at the time of the alleged attack, was subsequently hospitalized for observation of possible fetal damage.

Appellee, by motion, requested that the trial court order complainant to undergo a psychiatric examination. Counsel alleged in the motion the following: (1) complainant had a prior history of mental and emotional illness; (2) complainant stated to the doctor attending her after the alleged assault that she had a complex that men wanted to beat her up; (3) on four prior occasions during the past two years, complainant had alleged various men had struck her, only to subsequently retract these allegations; and (4) no visible injuries were seen on complainant's body after she left the office where the alleged attack occurred.

On August 17, 1979, the court issued a written order directing that complainant be examined by a psychiatrist. The government's motion for reconsideration was denied in a memorandum opinion, and consequently the government noted this appeal of the August 17 order.

## II

██ With certain exceptions not applicable here, this court's jurisdiction is limited to final orders and judgments. D.C.Code 1973, § 11–721(a). Final orders for purposes of the statute are not limited to final judgments which terminate an action. *Cohen v. Beneficial Industrial Loan Corporation*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949); *Frost v. Peoples Drug Store, Inc.*, D.C.App., 327 A.2d 810 (1974).

Prior decisions respecting finality determinations have provided us with a flexible rule, counseling a "practical rather than a technical construction," in identifying those orders and judgments which are final. *Co-*

*hen v. Beneficial Industrial Loan Corporation, supra,* 337 U.S. at 546, 69 S.Ct. at 1225; *Cobbledick v. United States,* 309 U.S. 323, 60 S.Ct. 540, 84 L.Ed. 783 (1940); *Wise v. Murphy,* D.C.App., 275 A.2d 205 (1971).

"The considerations that determine finality are not abstractions but have reference to very real interest," namely those of the parties involved, and those of the judicial system itself. *Republic Natural Gas Co. v. Oklahoma,* 334 U.S. 62, 69, 68 S.Ct. 972, 977, 92 L.Ed. 1212 (1948); *see also District of Columbia v. Tschudin,* D.C.App., 390 A.2d 986, 988 (1978). Therefore, in determining whether an order requiring a complainant to undergo a psychiatric examination is final, it is necessary to analyze the competing interests.

██ It is well settled in this jurisdiction that it is within the discretion of the trial judge to order a psychiatric examination of a witness for the purpose of determining competency to testify, or to aid in the jury's assessment of a witness' credibility. *Ledbetter v. United States,* D.C.App., 350 A.2d 379 (1976); *United States v. Butler,* 156 U.S.App.D.C. 356, 481 F.2d 531 (1973). In making the decision, the trial judge must weigh the potential evidentiary advantage against the invasion of privacy caused by such examinations. *United States v. Benn,* 155 U.S.App.D.C. 180, 184, 476 F.2d 1127, 1131 (1972). These considerations are especially salient in cases involving sexually motivated or sexually related offenses.

In *United States v. Benn, supra,* a case involving the failure of a trial court to order the psychiatric examination of a mentally retarded rape prosecutrix, the court had occasion to comment on the countervailing considerations against ordering a psychiatric examination.

For example, a psychiatric examination may seriously impinge on a witness' right to privacy; the trauma that attends the role of complainant to sex offense charges is sharply increased by the indig-

nity of a psychiatric examination; the examination itself could serve as a tool of harassment; and the impact of all these considerations may well deter the victim of such a crime from lodging any complaint at all. [*Id.* at 184, 476 F.2d at 1131.].

Although the court in *Benn* was concerned with a sex offense, the factors set forth above warrant attention regardless of the nature of the underlying charge. In examining the relevant considerations, we hold that the order compelling the witness to undergo a psychiatric examination possesses sufficient attributes of finality to be appealable pursuant to D.C.Code 1973, § 11–721(a). Though the appeal is interlocutory to the issue of appellee's criminal liability,[2] the challenged order is final in all respects insofar as it affects the privacy right of the witness. "[T]his order . . . will not be merged in final judgment. When that time comes, it will be too late effectively to review the present order . . . ." *Cohen v. Beneficial Industrial Loan Corp., supra*, 337 U.S. at 546, 69 S.Ct. at 1225.

The court is unpersuaded by the argument that complainant may obtain review only by disobeying the examination order and appealing from a subsequent adjudication of contempt.[3] This witness is faced with the intensely personal and highly intrusive experience of a psychiatric examination and should not additionally be required to expose herself to the risk of punishment before obtaining a determination of the claimed right. *See Covey Oil Co. v. Continental Oil Co.*, 340 F.2d 993, 996 (10th Cir.), *cert. denied*, 380 U.S. 964, 85 S.Ct. 1110, 14 L.Ed.2d 155 (1965). The order she faces is hardly akin to a mere subpoena or discovery order. While the witness may be presumed competent (*cf. Davis v. United States*, 160 U.S. 469, 486–88, 16 S.Ct. 353, 357–58, 40

L.Ed. 499 (1895) (presumption of sanity)) there must be reason to question her mental competency to justify the examination order. Assuming that a question of competence is raised—as we must at this early stage of the appeal—it is less than realistic to expect this witness to make the judgment whether to capitulate or face a contempt citation.

In the words of the Supreme Court in *Cohen v. Beneficial Industrial Loan Corp., supra*, "We hold this order appealable because it is a final disposition of a claimed right which is not an ingredient of the cause of action and does not require consideration with it." *Id.*, 337 U.S. at 546–47, 69 S.Ct. at 1226.

*Motion denied.*

NEWMAN, Chief Judge, dissenting:

The sole issue before us is whether the trial court's order requiring a complaining witness to undergo a psychiatric exam is a "final order" within D.C.Code 1973, § 11–721(a)(1). If it is not, this court has no jurisdiction to entertain an appeal from that order and appellee's motion to dismiss the appeal must be granted.

In a line of cases directly applicable here, the Supreme Court has consistently held that a subpoena or discovery order directed to a non-party witness is not "final" and therefore not appealable. *United States v. Ryan*, 402 U.S. 530, 532–33, 91 S.Ct. 1580, 1581–82, 29 L.Ed.2d 85 (1971); *Cobbledick v. United States*, 309 U.S. 323, 60 S.Ct. 540, 84 L.Ed. 783 (1940); *Alexander v. United States*, 201 U.S. 117, 120–22, 26 S.Ct. 356, 357–58, 50 L.Ed. 686 (1906). These cases establish the doctrine that a witness may obtain review of a subpoena or a discovery order only after he persists in his refusal to comply and is found in contempt of court. The merits of the order will then be review-

---

**2.** *See DiBella v. United States*, 369 U.S. 121, 124, 82 S.Ct. 654, 656, 7 L.Ed.2d 614 (1962).

**3.** *See Maness v. Meyers*, 419 U.S. 449, 95 S.Ct. 584, 42 L.Ed.2d 574 (1975) and *In re Cys*, D.C.

App., 362 A.2d 726 (1976), both involving lawyers who were forced to the contempt wall to test the challenged orders.

able in an appeal from the contempt citation, a clearly severable proceeding. The majority ignores this well-established doctrine and finds the examination order involved here possesses "sufficient attributes of finality," *ante* at 1385, based solely on the burdensomeness of the order. The majority offers no principle on which to distinguish the burdensomeness of this order from that of other subpoenas and discovery orders held to be non-appealable by the Supreme Court and by United States Courts of Appeal. As I am unable to discern any such principle and am unwilling to arbitrarily carve out a fresh exception to the jurisdictional rule of finality, I respectfully dissent.

The established doctrine of non-appealability of discovery orders issued to non-party witnesses was first enunciated by the Supreme Court in *Alexander v. United States, supra.* There appellants sought review of subpoenas duces tecum issued in an antitrust proceeding. The witnesses asserted a general Fifth Amendment privilege against self-incrimination and a Fourth Amendment bar to unreasonable searches and seizure, as well as the immateriality of the evidence sought. The Court held that the orders to appear and testify before an examiner were not final orders [1] and therefore not appealable. The Court further states that the orders would only be reviewable in an appeal from a contempt proceeding. "Let the court go further, and punish the witness for contempt of its order,—then arrives a right of review; and this is adequate for his protection without unduly impeding the progress of the case." 201 U.S. at 121, 26 S.Ct. at 358.

*Alexander* was reaffirmed in *Cobbledick v. United States, supra,* where a unanimous Court held that an order denying a motion to quash a grand jury subpoena duces te-

cum is not a final order and therefore not appealable. *Alexander* was again reaffirmed by a unanimous Court in 1971 in *United States v. Ryan, supra,* where another grand jury subpoena was held not to be a final order. The *Ryan* Court stated:

> [W]e have consistently held that the necessity for expedition in the administration of the criminal law justifies putting one who seeks to resist the production of desired information to a choice between compliance with a trial court's order to produce prior to any review of that order, and resistance to that order with the concomitant possibility of an adjudication of contempt if his claims are rejected on appeal. *Cobbledick v. United States, supra; Alexander v. United States,* [*supra* ]. [402 U.S. at 532–33, 91 S.Ct. at 1582 (citations omitted).]

*See Maness v. Meyers,* 419 U.S. 449, 460, 95 S.Ct. 584, 592, 42 L.Ed.2d 574 (1975) (quoting the above passage with approval); *United States v. Nixon,* 418 U.S. 683, 691, 94 S.Ct. 3090, 3099, 41 L.Ed.2d 1039 (1974) (same).

Appellant and the majority here rely on the Supreme Court's opinion in *Cohen v. Beneficial Industrial Loan Corporation,* 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949), to carve out an exception to the finality doctrine as it has been authoritatively and consistently construed in *Alexander, Cobbledick,* and *Ryan.* If *Cohen* existed in isolation, it might be possible to apply its rationale to a discovery order issued to a non-party witness; however, the Supreme Court's prior consideration of this situation in *Alexander* and *Cobbledick* and its reaffirmance in *Ryan* long after the *Cohen* decision preclude such an application. Moreover, an examination of the *Cohen* rationale confirms the implicit inference that *Cohen* was never intended to apply to court orders

---

1. Although the federal court cases interpret the federal statute, 28 U.S.C. § 1291 (1976) (limiting jurisdiction to "final decisions of the district courts"), the language of which differs slightly from D.C. Code 1973, § 11–721(a)(1) ("final orders and judgments"), the two statutes have been treated by this court as co-extensive. *See Frost v. Peoples Drug Store, Inc.,* D.C.App., 327 A.2d 810, 812 (1974).

requiring production of information from non-party witnesses.[2]

The *Cohen* exception was premised on a combination of three circumstances that led the Court to find sufficient indicia of finality.[3] The first factor, that the order be a final determination of a claim of right "separable from, and collateral to" the rights asserted in the proceedings, is met here, as the majority seeks to emphasize. *See ante* at 1384–1385. As *Alexander, Cobbledick,* and *Ryan* establish, however, the collateral nature of the order is not a sufficient basis for finality, for otherwise all orders to non-party witnesses would be appealable.

The second two criteria that underly the *Cohen* exception are the significance of the question of law and a lack of opportunity for later review. Neither of these criteria are met by the order sought to be appealed here. *Cohen* involved a "serious and unsettled" question of law, *i. e.,* whether a state bond provision would be applicable to a state derivative action when prosecuted in federal court. The Court deemed this question "too important to be denied review."

As the majority acknowledges, the question of law in the case sub judice is closely tied to the specific facts of the case, *i. e.,* whether the trial judge abused his discretion in granting the order to undergo a psychiatric exam. *See Ledbetter v. United States,* D.C.App., 350 A.2d 379 (1976); *United States v. Butler,* 156 U.S.App.D.C. 356, 481 F.2d 531 (1973); *United States v. Benn,* 155 U.S.App.D.C. 180, 476 F.2d 1127 (1972). This is not a "serious and unsettled" question of law that review by this court will lay to rest. Rather, allowing an appeal in this case will authorize appeals in all cases involving a similar discovery order, leading to the kind of disruption of the smooth functioning of the judicial system the finality rule seeks to avoid. *See Donlon Industries, Inc. v. Forte,* 402 F.2d 935, 937 (2d Cir. 1968) (question of law for *Cohen* exception should be of general importance beyond the immediate concern of the litigants and not simply review for abuse of discretion).

The *Cohen* Court also relied heavily on the third factor, that the issue would be lost if an appeal were not immediately available. While the witness here obviously cannot appeal from the final judgment of this case, she does have an opportunity for review in a contempt proceeding; the issue will not be irreparably "lost".[4] Rather, ap-

2. The majority's reliance on *Republic Natural Gas Co. v. Oklahoma,* 334 U.S. 62, 68 S.Ct. 972, 92 L.Ed. 1212 (1948), and *District of Columbia v. Tschudin,* D.C.App., 390 A.2d 986 (1978), is misplaced. *Republic Natural Gas* involved the question of whether a state commission's order was final where it had not disposed of all the issues before it. Moreover, the Court actually stated that the "considerations that determine finality . . . have reference to very real interests—not merely those of the immediate parties but, *more particularly,* those that pertain to *the smooth functioning of our judicial system.*" 334 U.S. at 69, 68 S.Ct. at 977 (emphasis added). The Court found the commission's order was not final for purposes of appeal. The *Tschudin* court quoted the above quoted language from *Republic Natural Gas* but found finality under the "ministerial act" exception as established by *Forgay v. Conrad,* 47 U.S. (6 How.) 201, 12 L.Ed. 404 (1848). *See* 9 Moore's Federal Practice ¶ 110.11 at 137–50 (2d ed. 1975).

3. 337 U.S. at 546–47, 69 S.Ct. at 1225–26. *See Grinnell Corp. v. Hackett,* 519 F.2d 595 (1st

Cir.), *cert. denied, Chamber of Commerce of United States of America v. United Steelworkers of America, AFL–CIO–CLC,* 423 U.S. 1033, 96 S.Ct. 566, 46 L.Ed.2d 407 (1975); 9 Moore's Federal Practice ¶ 110.10, at 133 (2d ed. 1975).

4. *See United States v. Ryan, supra,* 402 U.S. at 533, 91 S.Ct. at 1582:

Only in the limited class of cases where denial of immediate review would render impossible any review whatsoever of an individual's claims have we allowed exceptions to this principle [of *Alexander* ].

*Compare Abney v. United States,* 431 U.S. 651, 97 S.Ct. 2034, 52 L.Ed.2d 651 (1977) (denial of pre-trial double jeopardy claim is appealable); *Stack v. Boyle,* 342 U.S. 1, 72 S.Ct. 1, 196 L.Ed. 3 (1951) (order denying bail reduction appealable); *Wise v. Murphy,* D.C.App., 275 A.2d 205, 211 (1971) (en banc) (pre-arrest lineup order, before *any* criminal charges are instituted, is appealable as analogous to *Stack v. Boyle* ). *See generally* 9 Moore's Federal Practice ¶ 110.10, at 134 (2d ed. 1975).

plication of the *Alexander* doctrine allowing review of a subpoena or discovery order only through an appeal from a contempt proceeding would provide this court with a fuller record for review, when taken. *See Kaufman v. Edelstein*, 539 F.2d 811, 814 n. 3·(2d Cir. 1976). As Judge Friendly stated in *United States v. Fried*, 386 F.2d 691, 695 (2d Cir. 1967), "this is no time to weaken the historic rule putting a witness' sincerity to the test of having to risk a contempt citation as a condition to appeal, however harsh its application may seem to the appellant here."

The only justification put forward by the majority here for finding finality is that the witness should not be required to assume the added burden of risk inherent in a contempt proceeding before she is allowed an opportunity to vindicate her rights.[5] The majority finds itself "unpersuaded" by the argument that review can only be had after contempt proceedings. The Supreme Court in *Alexander, Cobbledick*, and *Ryan*, however, found this same argument not only persuasive but controlling. In *Alexander* the Court specifically acknowledged that the witness asserted colorable Fifth and Fourth Amendment claims.

The majority here cites the single case of *Covey Oil Co. v. Continental Oil Co.*, 340 F.2d 993 (10th Cir.), *cert. denied*, 380 U.S. 964, 85 S.Ct. 1110 14 L.Ed.2d 155 (1965), in which the Tenth Circuit held that the potential pecuniary loss from discovery of trade secrets from a non-party witness justified a *Cohen*-based exception from the *Alexander* doctrine. The *Covey Oil* court cited no authority for this construction nor did it attempt to establish a principle that

would justify finding appealability short of a contempt citation to protect a witness' pecuniary interests but not the constitutional rights asserted in *Alexander.* By contrast, five other Circuits have explicitly rejected *Covey Oil* as inconsistent with the controlling *Alexander* doctrine; several of these cases involved constitutionally-based claims of privilege. *See, e. g., Ryan v. Commissioner*, 517 F.2d 13, 18–20 (7th Cir.), *cert. denied*, 423 U.S. 892, 96 S.Ct. 190, 46 L.Ed.2d 124 (1975) (Fifth Amendment claim against self-incrimination); *Gialde v. Time, Inc.*, 480 F.2d 1295 (8th Cir. 1973) (claim of confidentiality of news sources); *United States v. Anderson*, 150 U.S.App.D.C. 336, 464 F.2d 1390 (1972) (Fifth Amendment claim against self-incrimination); *Borden Co. v. Sylk*, 410 F.2d 843 (3d Cir. 1969) (claims of pecuniary harm and irrelevance); *United States v. Fried, supra* (claim of potential harm to psychological and physical well-being if required to testify about father's finances). *See also In re Oberkoetter*, 612 F.2d 15 (1st Cir. 1980) (attorney-client privilege claim); *National Super Spuds, Inc. v. New York Mercantile Exchange*, 591 F.2d 174 (2d Cir. 1979) (Friendly, J.) (claim of governmental privilege) (discussing cases); *North Carolina Association of Black Lawyers v. North Carolina Board of Law Examiners*, 538 F.2d 547 (4th Cir. 1976) (burdensomeness of discovery order; *Covey Oil* distinguished); *Grinnell Corp. v. Hackett*, 519 F.2d 595 (1st Cir.), *cert. denied, Chamber of Commerce of United States of America v. United Steelworkers of America, AFL–CIO–CLC*, 423 U.S. 1033, 96 S.Ct. 566, 46 L.Ed.2d 4 (1975) (First Amendment claim against disclosure of membership list by party; *Alexander*

---

5.  *Maness v. Meyers, supra*, and *In re Cys*, D.C. App., 362 A.2d 726 (1976), are cited by the majority but do not support its position. No question of appealability was before the Court in *Maness*. In fact, in its review of a citation for contempt against a lawyer who had advised his client to refuse to comply with a production order on Fifth Amendment grounds, the Court quoted *United States v. Ryan, supra*, and recognized the appropriateness of the lawyer's advice as a means of preserving his client's rights.

"This method of achieving precompliance review is particularly appropriate where the Fifth Amendment privilege against self-incrimination is involved." 419 U.S. at 461, 95 S.Ct. at 592 (footnote omitted). *Cys* also undercuts the majority's position. There the court adopted a strict interpretation of the finality doctrine, holding that a "technical" criminal contempt citation, for which no sanction was imposed, is not a final order and therefore not appealable.

doctrine applied); *Dow Chemical Co. v. Taylor*, 519 F.2d 352 (6th Cir.), *cert. denied*, *United States Chamber of Commerce of United States of America v. United Steelworkers of America, AFL–CIO–CLC*, 423 U.S. 1033, 96 S.Ct. 566, 46 L.Ed.2d 407 (1975) (same).[6]

In only one case has the Supreme Court been persuaded that a witness need not be required to risk contempt proceedings in order to obtain review of a subpoena or other discovery order. In that case, *United States v. Nixon*, 418 U.S. 683, 94 S.Ct. 3090, 41 L.Ed.2d 1039 (1974), the Court recognized the continuing validity of the *Alexander* doctrine but declined to apply the doctrine to the very singular facts then before it. The Court held that requiring the President to be first found in contempt would be "peculiarly inappropriate due to the unique setting in which the question arises." 418 U.S. at 692, 94 S.Ct. at 3099. The possibility of a constitutional confrontation between two branches of government and of protracted litigation over the constitutional authority for citing a sitting President for contempt led the Court to find sufficient finality in that unique situation. No contention can be made that this case falls within the *Nixon* exception to the *Alexander* doctrine.

In addition to the overwhelming authority of the federal cases discussed above, which hold that subpoenas and discovery orders are not final for purposes of appeal, this case is controlled by our decision in *In re Cys*, D.C.App., 362 A.2d 726 (1976). In *Cys* a lawyer had been cited for "technical"

criminal contempt for his noncompliance with a court order to turn over certain documents. Because no sanction was imposed, however, we held that the "technical" contempt citation was not a final order and therefore not appealable. If a "technical" contempt citation is insufficiently final before a sanction is imposed, then a fortiori a court order requiring the production of information by a witness before any contempt proceeding is begun is not final and not appealable. The majority opinion thus exceeds the authority of a division opinion by implicitly overruling *Cys* in contravention to the rule laid down in *M. A. P. v. Ryan*, D.C.App., 285 A.2d 310, 312 (1971). Only this court, sitting en banc, may overrule the holding of an earlier division.

The policy behind finality, *i. e.*, of eliminating piecemeal litigation and the delays caused by interlocutory appeals, *see Cobbledick v. United States, supra*, 309 U.S. at 324–25, 60 S.Ct. at 540–41, applies with particular force in the criminal justice system. As the Court stated in *DiBella v. United States*, 369 U.S. 121, 126, 82 S.Ct. 654, 658, 7 L.Ed.2d 614 (1962), in rejecting the "finality" of orders disposing of motions to suppress, "the delays and disruptions attendant upon intermediate appeal are especially inimical to the effective and fair administration of the criminal law. The Sixth Amendment guarantees a speedy trial." *See generally* Comment, *Interlocutory Appeals in Criminal Cases: An Open But Closely Guarded Door*, 66 Geo.L.J. 1163, 1163–65 & n. 11 (1978).

Given the majority's decision in this case, I must presume that henceforth, unless this

---

**6.** The majority seeks to dismiss the cases relied on in this dissent as inapposite to an order to undergo a psychiatric examination. The only authority cited by the majority, however,—other than the general language of *Cohen*—is *Covey Oil*. *Covey Oil* dealt with subpoenas duces tecum directing non-party witnesses in a private antitrust proceeding to divulge certain sales and price information.

In addition, the majority suggests that the very nature of the trial court's inquiry, *i. e.*, the witness' competence, differentiates the order involved here from other subpoenas and dis-

covery orders. *See ante* at 1385. This reasoning is flawed. If we assume there is a true question of incompetency, as the majority suggests we must, then the trial court's order was clearly within its discretion, and nothing is lost by a lack of review. If, however, the witness is actually competent, then there is no reason why she should not be put to the same choice as other witnesses. *Cf. United States v. Fried*, *supra* (subpoena non-appealable despite allegation that acute psychological stress will result if witness is compelled to testify).

court is to commence a process of non-principled, ad hoc adjudications, not only will the specific court order involved here—that a witness undergo a psychiatric exam—be appealable but that all of the orders involved in the line of federal cases from *Alexander* to *Ryan* and from *Fried* to *Gialde*, which the majority ignores or rejects, will now be appealable in this jurisdiction. This list of orders—subpoenas duces tecum in civil suits, subpoenas and subpoenas duces tecum to appear before a grand jury, orders to answer questions on depositions, and orders to file answers to interrogatories—cover most of the spectrum of court orders that will be issued to non-party witnesses requiring their testimony or the production of documents or other information. The consequences of this to an already overburdened appellate court, *see* Subcommittee on the Workload of the District of Columbia Court of Appeals, District of Columbia Judicial Planning Committee, *District of Columbia Court of Appeals: Workload Problems and Possible So-*

*lutions* (August 1979) (the "Douglas Committee" report) will be obvious to even the most casual observer.

In light of both the consistent decisions of the Supreme Court and of this court denying the appealability of subpoenas and discovery orders to non-party witnesses, and this court's duty to effectuate "the effective and fair administration of the criminal law," we have no other alternative but to grant appellee's motion to dismiss the appeal for lack of jurisdiction.